IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS,
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 03-3007 |
| JOHN W. HARRIS, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Intervenor's Motion to Unseal Court Records [229] and memorandum in support thereof [230]. Judge Scott, on March 6, 2006, through a Text Order, allowed the Intervenor, Copley Press, Inc., to intervene. Judge Scott referred the matter to the undersigned to review the remaining issue involving the Motion to Unseal Court Records.

In the Intervenor's motion, various docket entry numbers were listed that this Court had previously allowed to be filed under seal: [173], [174], [175], [215], [216], [218], [219], [220], [221], [222], [223], and [225]. Since Intervenor's motion [229] was filed, the Court has also allowed document [240] to be filed under seal.

The Court's ruling herein must be reviewed in light of the Protective Order [53] previously entered and a previous Opinion [226] entered by the Court on February 22, 2006.[1]  The Court is well aware that there is a presumption that all pleadings in Federal Court are open to public scrutiny. The Seventh Circuit has spoken long and loudly on this issue.[2]  However, existing case law and the Federal Rules of Civil Procedure, coupled with the inherent equitable powers of the Court over its own discovery processes, allow the sealing of certain types of documents from public scrutiny.  Rule 26(c) of the Federal Rules of Civil Procedure allows the Court for good cause shown to enter an order to protect a party or non-party from discovery that may cause annoyance or embarrassment.  The Court has wide latitude in fashioning an appropriate protective order.  (See Rule 26(c)(1)-(8).)  The Court has been mindful of the above precedent and rules in any action taken herein which allowed the sealing of the various pleadings.

---

[1] **That opinion put into place a process for the parties to request leave to file certain limited redacted pleadings under specific circumstances that involves the identity of one individual.**

[2] **See for example <u>Hicklin Engineering, L.C. v. Bartell</u>, 2006 WL 399165 (7th Cir., 2006) (citing cases).  Therein, the Court discussed the propriety of sealing some aspects of the public record and if necessary, the use of parallel versions - one full version containing all details and another redacted version with confidential information omitted.**

The Supreme Court has stated that pre-trial depositions and discovery interrogatories are <u>not</u> public components of a civil trial and such proceedings are <u>not</u> open to the public at common law.  <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 33 (1984).   The Supreme Court in <u>Seattle Times</u> stated that restrictions on discovered, but not yet admitted information are not a restriction of public information, and "an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny."  <u>Id</u>.   The Supreme Court in <u>Seattle Times</u> at page 35 noted that discovery may seriously implicate privacy interests of litigants and third parties and if said information obtained in discovery was released it could be damaging to reputation and privacy.  As previously noted by this Court in its Opinion [226] at page 3, the Seventh Circuit has interpreted <u>Rhinehart</u> to mean that "secrecy is fine at the discovery stage, before the material enters the judicial record".  <u>Baxter Intern., Inc. v. Abbott Laboratories</u>, 297 F.3d 544, 545 (7th Cir., 2002).  However, once information is revealed to have a bearing on the civil litigation, only limited categories of documents may be kept confidential.  <u>Id</u> at 546.

Herein, the Court, in the Protective Order [53] at paragraph six, clearly noted that distinction. The Protective Order at paragraph six states: "The Court may at a later date in its discretion order certain information filed by the parties under seal to be made public and part of the judicial record." Citing to Baxter Intern., Inc.

The Intervenor, in its memorandum, asks for alternative relief. One of the alternatives sought by the Intervenor is called "redaction" (see [230] at page 4).[3] Herein, the Court reviews the sealed pleadings and redacts only those portions which would invade a non-party's or party's privacy rights or other matters consistent with Rule 26(c). The original unredacted version stays under seal. The redacted versions are filed and open to public review. After reviewing the options available to the Court, the Court believes that the alternative proposed by the Intervenor, redacting certain information for good cause and making the balance public, to be the proper remedy. The Court had previously put into place a process for redaction of future pleadings under certain very limited circumstances. (See Opinion [226].) The Court has conducted an *in camera* review of the sealed documents: [215], [216], [218], [219], [220], [221], [222], [223], [225], and

---

[3]**The Seventh Circuit has approved "redaction" as a method to seal confidential information.  Methodist Hospitals, Inc. v. Sullivan, 91 F.3d 1026, 1032 (7th Cir., 1996).**

[240], and has created redacted versions which are directed to be filed as public records with new docket entry numbers. Redaction of document [215] and its progeny is also appropriate because those pleadings do not relate exclusively to pretrial discovery issues, but instead relate to issues that may be case dispositive. The primary item redacted involves the identity of a certain female, a non-party herein, which the Court redacted to protect her from annoyance and/or embarrassment.[4] The issue of "who" the female is is not material to the Court's eventual analysis of [215]. The Court finds there is a compelling interest under the dictates of Rule 26 to keep the identity of this female confidential at this stage of the litigation. If that female subsequently discloses her own identity voluntarily, so be it. The Court, however, continues to order the sealing of [173], [174], and [175]. Those pleadings, which solely involve pretrial discovery issues, by their nature are simply not subject to redaction and under the dictates of Rule 26 the Court finds a compelling interest for those documents to remain sealed. The Court reminds the parties that any matters pertaining to the discovery documents addressed in [173], [174], and [175] that are filed as part of any motion for summary judgment at a later date must be

---

[4]**A single phrase was redacted in [225] because that phrase pertained to [173], [174], and [175].**

filed under seal. Thereafter, the Court may in its discretion order an unsealing if deemed appropriate pursuant to paragraph six of the Protective Order [53]. The Court reminds the parties of the continued effect of this Court's Opinion [226] on dissemination of discovery relevant to [215].

    WHEREFORE Intervenor's Motion to Unseal Court Records [229] is ALLOWED in part and DENIED in part.

    ENTERED:   March 9, 2006.

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE