E-FILED
Thursday, 25 May, 2006  03:28:21 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-3007 |
| | ) | |
| JOHN W. HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the court on the Defendants' Motion for Sanctions for Perjury (Perjury Motion) (d/e 244), the Plaintiffs' Motion for Sanctions for Violation of the Court's Seal (Seal Violation Motion) (d/e 254), and the Plaintiffs' Motion for Sanctions for Violation of Court's Orders (Orders Motion) (d/e 266). For the reasons set forth below, the Perjury Motion and the Seal Violation Motion are DENIED. The Orders Motion is ALLOWED in part.

## STATEMENT OF FACTS

Plaintiff Rickey B. Davis claims that Defendant City of Springfield (City) police officers harassed him and retaliated against him by, among

**Page 1 of  13**

other things, following him late at night while he was driving around the City

observing officers under his command as part of his duties as a Springfield

police officer. Complaint (d/e 1), Count I ¶ 20(h), Count II ¶ 19(h).  One of

the Defendants' explanations for following Davis was to see if he was

engaging in personal matters while on duty.

The Defendants propounded the following interrogatory on Davis to

discover whether he was engaging in a sexual affair while on duty:

> 1.    Have you engaged in extra-marital sexual conduct with
> any person in the previous five years?  If so, state the name,
> address and phone number of each individual with whom you
> have so engaged, the location where you engaged in such
> sexual conduct and whether such conduct occurred at any time
> you were on duty.

Perjury Motion, Exhibit A.

On August 4, 2004, Davis provided the following answer under oath

to this interrogatory:

> ANSWER: Objection.  This information is not relevant to the
> issues in this matter and is not reasonably calculated to lead to
> relevant or admissible information.  Without waiving the
> objection, no.

Id.

On January 11, 2006, representatives of the Defendants met with

Jane Doe.  Doe informed them that she had been involved in a sexual

relationship with Davis for about six years, ending in 2002.  She told the representatives that Davis came to her home in uniform and while on duty. Doe lived in Jerome, Illinois, just outside the City's limits,

At the initial meeting, Doe asked if the City would pay the attorney fees she would incur in connection with coming forward with this information.  The Defendants' representatives declined.  Doe also met with the Mayor at one point shortly after this initial meeting.  During her discussions with representatives of the Defendants, Doe indicated that she would sign an affidavit.  The Defendants' counsel prepared a draft affidavit, but Doe decided not to sign after speaking with her attorney.  She later contacted one of the investigating officers and asked if he could help her son get a job with the City.  The officer told her that he could not help her, and her son should apply through the normal channels.

The Defendants filed the Perjury Motion based on Doe's information. The Defendants argued that Davis lied under oath when he answered, "no," to the above quoted interrogatory. They further argued that his affair was relevant to explain the reason that the officers were following Davis. The Defendants claimed that Plaintiffs' counsel knew or should have known that Davis had lied.  The Defendants asked for additional time to

conduct discovery to explore this newly found information.  The Court gave them time to conduct additional discovery.

The Court also granted the City's request to file the Perjury Motion under seal.  The Court ordered that the Motion be sealed to protect the identity of Doe.  Shortly after the Court ordered the matter sealed, the City filed a notice of deposition, identifying Doe, by name, as the deponent.  The Court quickly, <u>sua sponte</u>, had the notice sealed.  The notice, however, was on the public record for brief period of time.  The Plaintiffs have asked this Court in the Seal Violation Motion to sanction the Defendants for violating the Court's instruction to keep the identity of Doe confidential.

During the supplemental discovery, the parties deposed Davis, Doe, and several other witnesses.  Davis testified that he had an affair with Doe from 1995 to 1998 or 1999.  He stated that the affair ended more than five years prior to the date of his answer to the interrogatory.  The interrogatory only asked whether he had an extra-marital affair within the last five years.  Thus, he answered truthfully when he said, "No."  Davis further testified that he never engaged in any activities with Doe while on duty.  He said he

3a03-cv-03007-JES-BGC  # 272   Page 5 of 13

sometimes was with her while on his lunch break or while on compensatory time, but never while on duty.

Doe testified that the affair continued through 2002.  She testified that the affair was interrupted in 1999.  She then had a relationship with another man and even lived with this other man.  That relationship, however, ended in 2000, and she resumed her relationship with Davis.  According to Doe, her affair with Davis ended in 2002.  Doe testified that Davis came to her home in Jerome, Illinois, while on his shift and while in uniform.  On at least one occasion while they were together, he told her to listen to the police radio for certain call numbers to which he would need to respond.

Doe also testified that Davis wanted her to contact him if anyone approached her to discuss their affair.  Davis said that his lawyer wanted to know if anyone talked to her.  She told him that no one had contacted her. She told him that if they did, she would tell the truth.

Doe's son testified that Davis was with his mother in 2001 and 2002. A friend of Doe testified that Doe and Davis borrowed her car in 2000, and she saw Davis at Doe's home in 2001.

After completing the additional discovery, the Defendants supplemented the materials filed in support of the Perjury Motion.

Supplement to Motion for Sanctions for Perjury (Supplement) (d/e 264).

The Supplement included complete transcripts of several depositions.

Several of the deponents discussed the fact that certain City  police officers

used City computers to view pornography while on duty, and to download

and store pornographic images.  The Court had previously granted the

Defendants' request to seal information about these pornographic images.

Order entered October 26, 2004 (d/e 175).  The Court also had ordered

that deposition transcripts and other discovery materials developed during

the supplemental discovery, "shall not be disseminated outside of the

litigation."  Opinion entered February 22, 2006, at 5.  The Plaintiffs now ask

the Court to sanction the Defendants for filing the deposition transcripts on

the public record and revealing certain information that the Court ordered to

be sealed.

ANALYSIS

A.    Perjury Motion

      The Defendants ask the Court to dismiss Davis' claims as a sanction

for his claimed perjury.  The Federal Rules of Civil Procedure authorize,

under certain circumstances, a district court to dismiss a party or a claim

from a suit as a sanction for a party's conduct.  The dismissal of a party's

**Page 6 of  13**

suit, however, is a "draconian" sanction. <u>Marrocco v. General Motors Corp.</u>, 966 F.2d 220, 223-24 (7th Cir. 1992).  Nevertheless, this Court need not impose lesser sanctions before resorting to dismissal. <u>Halas v. Consumer Servs., Inc.</u>, 16 F.3d 161, 165 (7th Cir. 1994).

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." <u>Id</u>.  The United States Court of Appeals for the Seventh Circuit has explained that,

> Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior.  The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

<u>3 Penny Theater Corp. v. Plitt Theatres, Inc.</u>, 812 F.2d 337, 340 (7th Cir. 1987) (internal quotations omitted).

Furthermore, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that "if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just . . . ."  Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the

district court finds "willfulness, bad faith or fault" to justify the sanction.

Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).  The "fault"

required to sustain dismissal under Rule 37 does not refer to the "non-

complying party's subjective motivation" but to the lack of reasonableness

"which eventually culminated in the violation." Langley by Langley v. Union

Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997) (quotations and citations

omitted).

In short, the Seventh Circuit has opined:

> Because of its severity, we have circumscribed the range of
> cases in which dismissal may be used as a sanction.  Looking
> at the case law, we find two different standards for determining
> whether a case can properly be dismissed.  Some of our cases
> have held that actions can be dismissed "when there is a clear
> record of delay or contumacious conduct, or when other less
> drastic sanctions have proven unavailing." Williams v. Chicago
> Bd. of Educ., 155 F.3d853, 857 (7th Cir. 1998); Schilling v.
> Walworth County Park & Planning Com'n, 805 F.2d 272, 278
> (7th Cir. 1986).  This appears to be the standard used when
> cases are dismissed for want of prosecution or failure to comply
> with orders of the court, Fed. R. Civ. P. 41(b).  A slightly
> different requirement–a finding of willfulness, bad faith or
> fault–comes into play when dismissals are used specifically as
> a discovery sanction under Fed. R. Civ. P. 37.  In re Golant,
> 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co.,
> 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212
> F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad
> faith when a district court dismisses a case under the inherent
> powers of the court).  That is, even without "a clear record of
> delay, contumacious conduct or prior failed sanctions," a court
> can apply the sanction of dismissal for Rule 37 violations with a

finding of willfulness, bad faith or fault, as long as it first
considers and explains why lesser sanctions would be
inappropriate. <u>See</u> <u>Long v. Steepro</u>, 213 F.3d 983, 986 (7th Cir.
2000); <u>Schilling</u>, 805 F.2d at 278 ("When a clear record of
delay, contumacious conduct, or prior failed sanctions does not
exist, the exercise of judicial discretion requires that the district
court consider and explain the inappropriateness of lesser
sanctions."); <u>Shepherd v. Am. Broad. Cos.</u>, 62 F.3d 1469,
1478-79 (D.C. Cir. 1995)(requiring that courts provide a
"specific, reasoned explanation for rejecting lesser sanctions"
and collecting cases requiring same).

<u>Maynard v. Nygren</u>, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

The Defendants argue that the evidence shows that Davis lied in his

answer to the interrogatory.  They argue that the alleged perjury was a

willful action by Davis and his counsel to impede and obstruct the

Defendants' efforts to discover information that would support their defense

to Davis' retaliation and discrimination claims.  Davis denies that he lied.

He argues that he answered truthfully; he was not involved in an extra-

marital affair during the five-year time period set forth in the interrogatory.

The Defendants have failed to present sufficient evidence to warrant

imposition of any sanction.  The parties have presented conflicting

evidence on the timing of the affair.  Credibility is clearly an issue.  Given

the conflicting testimony, the Court cannot say at this point that Davis lied.

The Defendants, therefore, have failed to present a sufficient factual basis

for the Court to impose any sanction, let alone the draconian sanction of dismissal.

The Defendants have also argued that Davis' counsel knew or should have known that Davis lied.  There is no factual basis for this claim.  Davis told his counsel the affair did not occur within the five-year period set forth in the interrogatory.  His counsel advised him to give a truthful answer.  There was nothing improper.  His counsel also wanted to know if anyone contacted Doe about the affair.  There was nothing improper in wanting to know if Doe had been contacted.  The evidence presented, at best, indicates that his counsel knew that the affair occurred, not that Davis' answer to the interrogatory was false.

In the future, defense counsel should exercise greater caution and collect credible evidence before they accuse a party and/or opposing counsel with improper conduct.  The Defendants certainly had a basis to ask the Court to reopen discovery after they met with Doe in January 2006; her testimony was relevant to their defense and they needed to take her deposition after she refused to sign an affidavit.  Defense counsel, however, had nothing but hearsay evidence when they filed their initial Perjury Motion.  Even after completing supplemental discovery, the best

Defendants could produce was conflicting testimony.  If counsel had

focused on the substance of this matter, they could have discovered any

relevant evidence and moved this litigation toward resolution.  Instead,

Defendants' counsel's decision to file these rather serious charges before

they had sufficient evidence in support has bogged this case down into

competing requests for sanctions and created a media frenzy.  The Perjury

Motion is denied.

B.     Seal Violation Motion

       The Plaintiffs' request for sanctions for violation of the Court seal is

also denied.  The Defendants did violate a court order to keep Doe's

identity confidential when they filed the notice of her deposition.  The Court,

however, believes Defendants' actions were inadvertent.  The Court quickly

sealed the notice sua sponte.  Given that the error was inadvertent and

was quickly corrected, the Court will not sanction the Defendants at this

time.  The Court admonishes defense counsel to be more careful and to

pay attention to detail in the future.

C.     Orders Motion

       The Defendants asked the Court to seal information about

pornographic images found on certain of the Defendants' computers.  The

Court did so in its Order of October 26, 2004.  The Court further ordered that discovery materials should not be disseminated outside of the litigation.  Opinion entered February 22, 2006.  Now, the Defendants have put this information within the public record.  The Defendants clearly violated the intent of these Orders.  The Defendants argue that they needed to give the Court complete transcripts in order to rule on Defendants' motion for sanctions.  Even if that is true, they could have filed certain portions of the transcripts under seal.  Defendants should not have and did not need to place the pornographic information in the public record.

The appropriate sanction for Defendants' mis-steps is to vacate the Order of October 26, 2004 (d/e 175).  The Defendants will suffer from their own actions since disclosure of the pornographic information on police department computers only serves to embarrass the City and the police department.  No other sanction is appropriate because the Plaintiffs have suffered no prejudice from these embarrassing disclosures.  None of the information indicates that any of the Plaintiffs used City computers to view or download pornography.  Again, defense counsel is reminded to think about the consequences of their actions, pay greater attention to detail, and follow the orders of this Court.

The Court suspended the scheduling order until these motions were resolved.  Limited additional discovery was allowed.  Discovery is now closed.  Now that these motions have been resolved, the parties need to focus on the substance of this matter.  The case is over three years old and cries out for resolution.  Therefore, the Court resets deadlines to move this matter forward.

THEREFORE, the Defendants' Motion for Sanctions for Perjury (d/e 244), and the Plaintiffs' Motion for Sanctions for Violation of the Court's Seal (d/e 254) are DENIED.  The Plaintiffs' Motion for Sanctions for Violation of Court's Orders (d/e 266) is ALLOWED in part.  The Court vacates its Order entered October 26, 2004 (d/e 175).  No other sanctions are appropriate, and the Motion is otherwise DENIED.  Neither party is awarded any costs or fees.  The deadline for the parties to file dispositive motions is June 30, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:    May 25, 2006

                          s/ Byron G. Cudmore
                        BYRON G. CUDMORE
                  UNITED STATE MAGISTRATE JUDGE