**E-FILED**
Tuesday, 05 December, 2006  10:37:46 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  03-3007 |
| | ) | |
| JOHN W. HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants' ten Motions in Limine (d/e 302, 293, 294, 295, 296, 297, 298, 299, 300, 301).  For the reasons set forth below, the First and Second Motions are ALLOWED; and the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Motions are ALLOWED in part and DENIED in part.  The Tenth Motion is DENIED, but the Defendants have leave to raise this objection at trial to specific evidence.  The Court will address the Motions in order.

A.    <u>FIRST MOTION</u>

The First Motion asks the Court to exclude evidence of pornographic material found on any City of Springfield (City) Police Department's

(Department) computers.   In October 2004, pornographic images were found on various Department computers.  The Defendants argue, <u>inter alia</u>, that the evidence is not relevant.  The Court agrees.  The claims at issue are:

1.   Plaintiff Rickey Davis' Title VII claims in Count I against the City for: (1) disparate treatment and retaliation based on: (a) the 1996 transfer from Criminal Investigations to Patrol, and (b) the 1997 to 2002 denial of transfers to Criminal Investigations; and (2) retaliation based on: (a) the February 2001 reprimand, (b) the assignment to the third watch as a Lieutenant, and (c) the discipline in August 2002;

2.   Plaintiff Rickey Davis' §§ 1981 and 1983 claims in Count II against Defendant John Harris for disparate treatment racial discrimination based on: (a) the 1996 transfer from Criminal Investigations to Patrol, and (b) the 1997 to 2002 denial of transfers to Criminal Investigations; and

3.   Plaintiff Lea Joy's Title VII claims in Count I against the City for: (a) retaliation based on: (1) the 1996 transfer to the third watch, and (2) the transfer from Internal Affairs to Field Operations; and (b) hostile work environment.

<u>Opinion entered November 14, 2006 (d/e 304) (Opinion)</u>, at 105-06.  The existence of pornography on some computers in the fall of 2004 is not

relevant to any of these claims.  To the extent that the evidence might have some relevance, the prejudicial effect outweighs any probative value.  <u>Fed. R. Evid.</u> 401, 403.

The Plaintiffs argue that the evidence is relevant because some of the Caucasian officers who downloaded the pornography were not disciplined, and that the difference in treatment is relevant to show racial animus.  The Plaintiffs must prove that the Defendants intentionally discriminated against Joy from 1984 to January 2003 by subjecting her to a racially hostile work environment, and discriminated or retaliated against both Plaintiffs with respect to specific employment actions between 1996 and 2002.  Acts that occurred a year or more after those events are generally not relevant.  <u>See</u> <u>Calusinski v. Kruger</u>, 24 F.3d 931, 936 (7th Cir. 1994) (relevant inquiry is the time that the wrongful events occurred).  This is particularly true since by 2004, Defendant John Harris was no longer the Department's Chief of Police, and the City had a different Mayor and City Counsel.  <u>See</u> <u>Amended Memorandum of Plaintiffs in Opposition to Motion for Summary Judgment (d/e 283)</u>, Exhibit 3, <u>Deposition of Letitia Dewith-Anderson</u>, at 22-23; and Exhibit 17, <u>Deposition of Donald Kliment taken June 16, 2005</u>, at 12.  Given the changes in the make-up of the Department and the City

government, the events in the fall of 2004 are not relevant.  Even if one

could find some marginal relevancy, the prejudicial effect outweighs the

minimal probative value in this case.[1]  Fed. R. Evid. 403.  The First Motion

is Limine is ALLOWED.

B.   SECOND MOTION

The Second Motion in Limine seeks to bar admission of a report

written by Lawrence Golden.  The Plaintiffs do not oppose this Motion

because they do not intend to use the report at issue at trial.  The Second

Motion is ALLOWED.

C.   THIRD MOTION

The Defendants ask the Court to bar evidence of historical events,

including race riots, segregation, and former systems of government.  The

Defendants argue that this evidence is not relevant.  The Plaintiffs argue

that they should be able to present background information as part of the

circumstantial evidence to prove intentional discrimination, and also to

---

[1]Plaintiff Rickey Davis asks the Court to reconsider its decision not to consider
claims based on events that occurred after the date of the filing of the Complaint.
Plaintiff's Response to Defendants' Motions in Limine (d/e 307), at 3.  Embedding a
request for reconsideration in a response to a Motion is not proper.  Any such request
should be made by a separate motion.  Fed. R. Civ. P. 7(b), Local Rule 7.1.  The Court
also sees no reason to reconsider its decision to bar these claims.  Plaintiffs failed to
secure the appropriate leave to file supplemental pleadings.  Opinion, at 7; Fed. R. Civ.
P. 15(d).

prove the nature of the hostile work environment claimed by Joy.

Some background information may be relevant to prove that a particular decision was intentionally discriminatory or that Joy's working environment was racially hostile. <u>See</u> <u>Village of Arlington Heights v.</u> <u>Metropolitan Housing Development Corp.</u>, 429 U.S. 252, 266-67 (1977). On the other hand, race riots that occurred more than sixty years earlier are not relevant to any employment decision at issue here or to Joy's working environment. Thus, the Court allows the Motion with respect to evidence about events that occurred before 1980; those events are not relevant and are barred.

Not all background events that occurred after 1980 will be relevant, and the Court is not ruling, with respect to this Third Motion, on the admissibility of any particular item of evidence regarding events that occurred after 1980.[2] The Defendants may renew their objection at trial to any specific evidence of events that occurred after 1980.

The Defendants argue in many of their ten Motions that Plaintiffs are limited to evidence about the treatment of similarly-situated employees at

---

[2]Other Motions in Limine address specific evidence of events that occurred after 1980.

5

the time of each specific employment action at issue.   See e.g.,
Memorandum in Support of Third Motion in Limine (d/e 303), at 1-2.
Defendants misapprehend the Plaintiffs' burden at trial.  The issue of the
treatment of a similarly-situated employee is part of the prima facie case in
the indirect, burden-shifting method of proof.   See Ajayi v. Aramark
Business Services, Inc., 336 F.3d 520, 531-32 (7th Cir. 2003).  At trial, all
of the presumptions in the indirect method of proof will fall away once the
Defendants present a non-discriminatory reason for their actions, and the
Plaintiffs will have the burden to prove that race was a motivating factor
without the benefit of any burden shifting analysis.   St. Mary's Honor
Center v. Hicks, 509 U.S. 502, 510-11 (1993).   Thus, evidence of
discriminatory intent is relevant, and the background circumstances of a
particular decision may tend to prove or disprove discriminatory intent.  In
addition, the indirect method of proof is not used at all for Joy's hostile
work environment claim.

      The Defendants also argue that the Plaintiffs should be barred from
presenting evidence of events that occurred prior to the period of the
relevant statutes of limitations.  The Defendants, however, waived the
statutes of limitations, and so evidence of prior events is not barred.  See

6

Opinion, at 3-6.  The Third Motion in Limine, thus, is ALLOWED in part and DENIED in part.

D.    FOURTH MOTION

The City asks the Court to bar evidence of other lawsuits or administrative proceedings in which no judgment has been entered.  The Court agrees that the existence of other lawsuits is not evidence that any of the claims in those lawsuits are true, and admission of those allegations would be prejudicial.  The Plaintiffs, however, claim that the Defendants retaliated against them for challenging perceived discrimination.   An element of these claims is the actions that the Plaintiffs took to challenge discrimination.  This may include filing complaints, such as the Illinois Department of Human Rights complaint that Davis and Joy filed in connection with the 1999 lieutenant's examination.  See Opinion, at 15-16.  The Plaintiffs, thus, may present otherwise admissible evidence of lawsuits or administrative complaints that they personally filed prior to the alleged retaliation at issue at trial.  Plaintiffs may not submit evidence of, or mention, other lawsuits or administrative proceedings without first making a proffer outside the presence of the jury.   The Fourth Motion is ALLOWED in part and DENIED in part.

E.    <u>FIFTH MOTION</u>

The Fifth Motion asks the Court to bar evidence of damages. Plaintiffs did not produce in discovery any computation of the amount of damages, or evidence to support such a computation.  The Plaintiffs had an affirmative obligation to provide the Defendants with, "a computation of any category of damages claimed by the disclosing party, making available . . . documents . . . and other evidentiary material, not privileged or protected from disclosure, on which such computation is based."  <u>Fed. R. Civ. P.</u> 26(a)(C).  In addition, Defendants asked in discovery for the amount of economic damages sought, to which the Plaintiffs responded that they had not calculated the amount yet.  <u>Fifth Motion Exhibits (d/e 308)</u>, Exhibit 2, <u>Answers to Interrogatories</u>.  Plaintiffs were under an obligation to supplement their answers to the interrogatories to provide this information.  <u>Fed. R. Civ. P.</u> 26(e)(1).  They did not.  The Plaintiffs are, thus, barred from presenting evidence of any computation of damages, any request for economic damages, and any documentary evidence on which a computation of damages can be based unless they can show that their failure to comply with the Rules is harmless.  <u>Fed. R. Civ. P.</u> 37(c)(1).

Plaintiffs respond that non-pecuniary damages and punitive damages

are not susceptible to calculation.  The Plaintiffs do not address their failure to supplement their answers regarding economic damages.  The failure to supplement their answers is not harmless, and so, any evidence on economic damages is barred.  Non-pecuniary damages for emotional distress, however, may not be susceptible to computation, and so a failure to provide a computation in discovery may be harmless.  <u>Merrill v. Waffle House, Inc.</u>, 227 F.R.D. 467, 470 (N.D. Tex. 2005).  Plaintiffs, therefore, may seek compensatory damages for emotional distress, but may not present any documentary evidence to support such damage claims that should have been produced under Rule 26(a)(C), and may not present any computation of the amount of such damages to the jury.

Punitive damages are also not subject to precise calculation; however, punitive damages must not be grossly excessive.  <u>Farfaras v. Citizens Bank and Trust of Chicago</u>, 433 F.3d 558, 567 (7th Cir. 2006).  Three guideposts are used to evaluate whether a punitive damage award is grossly excessive: (1) the degree of reprehensibility of defendant's conduct; (2) the disparity between the harm or potential harm suffered by the plaintiff and his punitive damage award; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases.  <u>Id.</u>

The Defendants are entitled to know from Plaintiffs in discovery the method by which they would compute the application of these guideposts to a punitive award.  In particular, the Defendants are entitled to know the civil penalties that the Plaintiffs believe would be comparable to the punishment sought in a punitive award and the economic harm suffered by the Plaintiffs necessary to evaluate the disparity between the actual harm and a punitive award.  The Plaintiffs never provided this information.  The failure is not harmless.  The Plaintiffs, therefore, may not present any evidence in support of a claim for punitive damages, or a computation of a punitive damage award.  The Fifth Motion is ALLOWED in part and DENIED in part.

F.     SIXTH MOTION

The Sixth Motion asks the Court to bar evidence relating to allegations made by Renatta Frazier against the City or any of its current or former employees and the settlement reached in the case she brought against the City.  The Court agrees that evidence about the existence of the lawsuit and the settlement are prejudicial and not relevant.  Evidence of the suit and the settlement are barred.

The facts and circumstances of the Department's Internal Affairs (IA)

investigations of Frazier, and the underlying events that gave rise to those investigations, however, are relevant to Davis and Joy's retaliation claims. Evidence of those events and the IA investigations are not barred. The trial, however, is about the treatment of Davis and Joy, not Frazier. The Court, therefore, will limit the evidence about Frazier to that which is reasonably necessary to present Davis and Joy's claims. Defendants may object at trial to evidence about Frazier to the extent that they believe the evidence is cumulative. The Sixth Motion in Limine is ALLOWED in part and DENIED in part.

G.    SEVENTH MOTION

Defendants ask the Court to exclude evidence of discrimination in other City departments, and the racial composition of other City departments. The Court agrees that evidence from other departments is not relevant to prove the disparate treatment and hostile work environment claims. The Plaintiffs, however, may present otherwise admissible evidence that they personally challenged perceived discrimination in other departments and that the Defendants retaliated against them for those actions. Thus, the Motion is ALLOWED, except that Plaintiffs Davis and Joy may present otherwise admissible evidence, if any, that they opposed

perceived discrimination in other City departments prior to any of the alleged retaliatory acts at issue at trial.

H.    EIGHTH MOTION

The Defendants ask the Court to bar evidence of unadjudicated allegations of violations of the Consent Decree entered in this Court in the case of NAACP v. City of Springfield, Case number 00-3136. The Court agrees that this evidence is not relevant to prove the disparate treatment and hostile work environment claims. The Plaintiffs, however, may present evidence that they personally challenged perceived violations of the Consent Decree, and the Defendants retaliated against them for those actions. Thus, the Motion is ALLOWED, except that Plaintiffs Davis and Joy may present otherwise admissible evidence, if any, that they opposed perceived violations of the Consent Decree prior to any of the alleged retaliatory acts at issue at trial.

I.    NINTH MOTION

The Defendants ask the Court to bar a report written by the law firm of Husch & Eppenberger, L.L.C. (Husch). The Defendants did not attach the Husch report to the Motion or otherwise indicate whether the report has been filed by either party in this case. The parties appear to be discussing

the report previously submitted to the Court in other cases.  <u>See</u> <u>Ballance</u>
<u>v. City of Springfield</u>, 424 F.3d 614, 618 (7th Cir. 2005).  If so, Husch
prepared the report as an agent for the City; thus, the statements of fact in
the report that are based on personal knowledge of Husch would be
admissions of the City.  <u>Fed. R. Evid.</u> 801(d)(2)(D).  Some statements by
out-of-court declarants in the report might also be admissible if the
statements are not hearsay or if the statements are subject to an exception
to the hearsay rule; for example, quotations in the report of statements by
City officials that are admissions of the City, would also be admissible
against the City.  <u>Fed. R. Evid.</u> 805.  Thus, the Court will not bar the report
as a whole against the City.  The Plaintiffs, however, must first make a
proffer outside the presence of the jury to establish the admissibility of any
portion of the report against the City.

The Court also notes that the Plaintiffs indicate that they intend to
use the report for impeachment.  The report could only be used directly to
impeach its authors.  As to any other witness, the report may provide a
good-faith basis to ask a question on cross-examination, but would not be
admissible for impeachment.  Rather, if the witness's answer to the question
contradicts the statement in the report, the correct procedure is to call the

13

person from Husch to testify to what the witness told him and to allow the Defendants to cross-examine that person.  <u>Fed. R. Evid.</u> 613.

The Husch report is also inadmissible hearsay as against Defendant John Harris.  The Husch law firm was not his agent, and so it had no authority to make admissions on his behalf.  Should any portion of the report be admitted against the City, a limiting instruction will be given explaining that the evidence is not admissible against Defendant Harris.[3] The Ninth Motion is ALLOWED in part and DENIED in part.

J.    <u>TENTH MOTION</u>

The Tenth Motion asks the Court to bar evidence that is outside the scope of the Plaintiffs' administrative charge of discrimination.   The Plaintiffs' Title VII claims against the City are limited to claims that are within the scope of the charges of discrimination filed with the Equal Employment Opportunity Commission (EEOC).   <u>Cheek v. Western and</u>

---

[3]For example, a quote of Defendant Harris' in the Husch report concerning a matter within the scope of Harris' employment would be admissible against the City-- since both Husch and Defendant Harris were agents of the City.  However, the quote of Defendant Harris found in the Husch report would not be admissible as substantive evidence against Defendant Harris because Husch was not his agent, and the Husch report would be inadmissible hearsay as to him.  For the quoted statement to be used substantively against Defendant Harris, the person to whom Harris made the statement would have to testify to it, or Defendant Harris would have to admit it in his testimony. Otherwise the statement could only be used as the foundation for impeachment of Defendant Harris, as outlined above.

<u>Southern Life Ins. Co.</u>, 31 F.3d 497, 500 (7th Cir. 1994).

The Court, however, denies this Motion at this time because the Court cannot determine whether any particular piece of evidence would be outside the scope of either Plaintiff's Charge of Discrimination.  The City does not identify the specific evidence that it believes is outside of the scope of either Plaintiff's Charge of Discrimination.  The scope of a Title VII charge is broad and includes all claims that are within the written charge or are like or reasonably related to the allegations in the charge.  <u>Id.</u>  Plaintiff Rickey Davis filed a very broadly written charge with the EEOC.  <u>Defendants' Reply to Amended Response to Motion for Summary Judgment (d/e 290)</u>, Exhibit 5, <u>EEOC Charge of Discrimination by Rickey Davis</u>.  Davis begins his claim of discrimination with the Stringer investigation in 1993.  <u>Id.</u>  It is unclear what evidence would be outside of the scope of Davis' charge. The Court has been unable to find a copy of Plaintiff Lea Joy's Charge of Discrimination in any of the parties' filings.  As a result, the Court cannot evaluate the scope of the charge at this time as to whether any particular evidence sould be excluded.  Also, a Charge of Discrimination does not limit the evidence that would be admissible against Defendant Harris in the § 1983 claim.  The Court, therefore, DENIES the Motion.  The City,

however, can raise this objection at trial if it believes that any particular evidence is outside the scope of either Plaintiff's charge of discrimination.

THEREFORE, the Defendant's First and Second Motions in Limine (d/e 302 & 293) are ALLOWED; the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Motions in Limine (d/e 294, 295, 296, 297, 298, 299, & 300) are ALLOWED in part and DENIED in part, as set forth above; and the Tenth Motion in Limine (d/e 301) is DENIED, provided that the City may renew its objection at trial to any particular evidence that it believes is outside the scope of the Plaintiffs' Charges of Discrimination.

IT IS THEREFORE SO ORDERED.

ENTER:   December 5, 2006.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE