IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-3007 |
| | ) | |
| JOHN W. HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs' Motion to the Court to Recognize Admissions by Party Opponent (d/e 365). For the reasons set forth below, the Court DENIES the Motion at this time, but gives the Plaintiffs leave to lay an appropriate foundation to establish the admissibility of the proposed admissions. The admissibility of such evidence would also be subject to appropriate limiting instructions.

Plaintiffs Rickey B. Davis and Lea Joy ask the Court to allow them to read to the jury certain statements in a report prepared for the Defendant City of Springfield by the law firm of Husch & Eppenberger, L.L.C. (Husch). The Court discussed a report prepared by Husch in its prior

1

Opinion discussing the Defendants' Ninth Motion in Limine. Opinion entered December 5, 2006 (d/e 311) (Opinion), at 12-13. The Court noted that the parties had not submitted the report to the Court, but such a report dated April 9, 2003, (Report) had been submitted to the Court in other cases. Id., at 13; see Ballance v. City of Springfield, 424 F.3d 614, 618 (7th Cir. 2005). The Court noted that Husch apparently had written the Report as an agent for the City, and so, statements of fact based on personal knowledge would be admissions of the City. Fed. R. Evid. 801(d)(2)(D). The Court also noted that hearsay statements within the Report could be admissible if the statements were subject to an exception to the hearsay rule. Opinion, at 13; Fed. R. Evid. 805. The Court gave, as an example, a quotation of a City employee speaking within the scope of the employee's agency. Id. Based on this ruling, the Plaintiffs ask to read certain portions of the Report to the jury. Defendants object.

    The Court will not allow the admissions of the statements at this time because the Plaintiffs have not laid the foundation to establish admissibility. The Court will, however, give the Plaintiffs the opportunity to lay their foundation. The Plaintiffs will need to present an appropriate witness or witnesses outside of the presence of the jury to authenticate the Report and

establish the scope of Husch's agency with the City. Several of the statements that the Defendants seek to read to the jury also contain hearsay within the proposed admission. The Plaintiffs will need to lay the foundation for each such statement to establish that the statement is admissible as an admission or otherwise subject to an exception to the hearsay rule. The Court notes that the Opinion listed as an example of an admissible statement within the report a quotation of an employee speaking within the scope of her agency. Opinion, at 13. This is only an example. Plaintiffs can lay a proper foundation for a statement from the Report if they can establish the admissibility of statements of fact in the Report and the admissibility of a relevant hearsay statement under Federal Rule of Evidence 805. Defendants will be allowed to raise relevance or other objections to specific statements once the Plaintiffs have laid their foundation evidence.

Defendants argue that the proposed statements identified in the Motion are irrelevant because they concern Renatta Frazier. However, the Plaintiffs allege that the Defendants retaliated against them because the Plaintiffs had spoken out against racial discrimination, primarily within the City Police Department. See Pretrial Order (d/e 315), at 4. The

circumstances of the Renatta Frazier case are relevant to explain the Plaintiffs' claim that they spoke out to support her as part of their efforts to oppose what they allege was racial discrimination. The statements, therefore, are relevant.

The Defendants argue that the statements are prejudicial because evidence regarding Renatta Frazier can be handled through a stipulation. The parties are welcome to work out a stipulation on this matter; if they do, the Plaintiffs' request in the Motion may become moot. Absent a stipulation, however, the Plaintiffs are entitled to present evidence on this matter. Assuming the Plaintiffs can lay the appropriate foundation, some or all of the proposed admissions could be used to set the background regarding Renatta Frazier, as part of the Plaintiffs' evidence that they spoke out against acts that they perceived to be discriminatory. Plaintiffs can object if they believe such evidence is becoming cumulative. Unlike the last trial, the Court set time limits on the parties' case so the Plaintiffs know that they cannot spend inordinate amounts of time setting the background. See Minute Entry entered June 19, 2007.

The Defendants also complain that several of the statements that the Plaintiffs propose to read to the jury are taken out of context. If the

Plaintiffs lay the appropriate foundation for the admission of each such statement, then the Defendants can ask the Court for permission to read to the jury any additional parts of the Report that Defendants believe would be necessary to give the appropriate context.

Defendants also argue that in the employment discrimination context, a statement by an employee is only an admission if the out-of-court declarant is involved in the decision making process affecting the employment action involved. See Keri v. Bd. of Trustees of Purdue University, 458 F.3d 620, 630 (7th Cir. 2006). This statement of the law applies if the out-of-court statement is being used to prove that a specific employment action was discriminatory or retaliatory. A person cannot speak about an employment action as an agent of the employer unless the person had decision making authority as part of his or her agency with the employer. Id. In this situation, however, the Plaintiffs intend to use the Report to prove background information, not that a specific employment action was discriminatory or retaliatory. The observation from the Keri case, therefore, is not applicable. The issue will be whether the agent was speaking within the scope of his or her agency during the course of the agency. Fed. R. Evid. 801(d)(2)(D).

Finally, any statements read from the Report would be subject to appropriate limiting instructions. The proposed statements concern background material to explain the context of the Plaintiffs' claim that they engaged in protected activity to oppose racial discrimination. The statements do not tend to prove any action allegedly taken against the Plaintiffs personally that forms the basis for this action. Also, the statements from the Report can only be admissions of the City, not of Defendant John Harris. Husch was not Defendant Harris' agent. The parties may submit proposed limiting instructions to address these issues.

THEREFORE, Plaintiffs' Motion to the Court to Recognize Admissions by Party Opponent (d/e 365) is DENIED at this time. Plaintiffs may present evidence outside of the presence of the jury to lay an appropriate foundation to establish the admissibility of the proposed admissions. The Defendants may renew relevance or other specific objections to each such statements at that time. The admissions of this evidence would also be subject to appropriate limiting instructions.

IT IS THEREFORE SO ORDERED.

ENTER: December 28, 2007.

    FOR THE COURT:

                                    s/Jeanne E. Scott
                              ─────────────────────────
                                   JEANNE E. SCOTT
                              UNITED STATE DISTRICT JUDGE