**E-FILED**
Monday, 14 January, 2008  03:29:03 PM
Clerk, U.S. District Court, ILCD

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

DAMAGES:  COMPENSATORY

If you find in favor of Plaintiff Lea Joy, then you must determine the amount of money that will fairly compensate Lea Joy for any injury that you find she sustained as a direct result of retaliation and/or hostile environment by the City of Springfield.  These are called "compensatory damages".

Plaintiff must prove her damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of the injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The mental/emotional pain and suffering that Lea Joy has experienced.  No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Lea Joys for the injury she has sustained.

If you find in favor of  Lea Joy but find that she has failed to prove compensatory damages, you must return a verdict for Lea Joy in the amount of one dollar.

DAMAGES:  COMPENSATORY

If you find in favor of Plaintiff Rickey Davis, then you must determine the amount of money that will fairly compensate Rickey Davis for any injury that you find he sustained as a direct result of retaliation by the City of Springfield.  These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of the injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The mental/emotional pain and suffering that Rickey Davis has experienced.  No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Rickey Davis for the injury he has sustained.

If you find in favor of Rickey Davis but find that he has failed to prove compensatory damages, you must return a verdict for Rickey Davis in the amount of one dollar.

In this case, Lea Joy also claims that she was racially harassed at work. To succeed on this claim, Plaintiff must prove seven things by a preponderance of the evidence:

1. Lea Joy was subjected to racially motivated conduct;

2. The conduct was unwelcome;

3. The conduct occurred because Lea Joy was African American;

4. The conduct was sufficiently severe or pervasive that a reasonable person in Lea Joy's position would find Lea Joy's work environment to be hostile;

5. At the time the conduct occurred, Lea Joy believed that the conduct made her work environment hostile;

6. Defendant City of Springfield knew or should have known about the conduct; and

7. Defendant City of Springfield did not take reasonable steps to correct the situation or prevent harassment from recurring.

To decide whether a reasonable person would find Lea Joy's work environment hostile, your must look at all the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with Lea Joy's work performance. No single factor is required in order to find a work environment hostile.

If you find that Lea Joy has proved by a preponderance of the evidence each of the things required of her, then you must find for Lea Joy. However, if

Lea Joy did not prove by a preponderance of the evidence each of the things required of her, then you must find for the City of Springfield.

Retaliation Claim

Lea Joy claims that the City of Springfield retaliated against her because she spoke out against racial discrimination by transferring her from Internal Affairs to Field Operations. To succeed on this claim, Lea Joy must prove two things by a preponderance of the evidence:

1.     The City of Springfield transferred her from Internal Affairs to Field Operations because she spoke out against racial discrimination. To determine that Lea Joy was transferred from Internal Affairs to Field Operations because she spoke out against racial discrimination, you must decide that the City of Springfield would not have transferred Lea Joy from Internal Affairs to Field Operations if she had not spoken out against racial discrimination but everything else was the same.

2.     Being transferred from Internal Affairs to Field Operations would dissuade a reasonable employee from speaking out against racial discrimination.

If you find that Lea Joy has proved each of these things by a preponderance of the evidence, then you must find for Lea Joy. However, if you find that Lea Joy did not prove each of these things by a preponderance of the evidence, then you must find for the City of Springfield.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Each Party is entitled to have the case decided solely on the evidence that applies to that party.  You must consider the evidence concerning a particular party only in the case against that party.  You must not consider it against any other party.

If you find that Plaintiff, Rickey Davis, has proved any of his claims against the Defendant, City of Springfield, then you must determine what amount of damages, if any, Plaintiff, Rickey Davis, is entitled to recover.

If you find that Plaintiff, Rickey Davis, has failed to prove any of his claims against the Defendant, then you will not consider the question of damages.

Retaliation Claim

Plaintiff, Rickey Davis, claims:

1. That he was transferred from Criminal Investigations to Patrol in 1996; and/or

2. That he was denied any transfer to Criminal Investigations from 1997-2002; and/or

3 That he was reprimanded in February 2001; and/or

4. That he was transferred to Third Watch as a Lieutenant; and/or

5. The Defendant, the City of Springfield disciplined him in July 2002, with respect to completing timely beat reports

because he spoke out on matters of perceived race discrimination.

To succeed on this claim, Plaintiff Rickey Davis must prove each of the following two things by a preponderance of the evidence:

(a) That the Defendant City of Springfield took one or more of the five actions listed above against Plaintiff Rickey Davis because Plaintiff Rickey Davis had spoken out on matters of perceived race discrimination.   To determine that the Defendant City of Springfield took one or more of the five actions listed above against Plaintiff Rickey Davis because Plaintiff Rickey Davis had spoken out on matters of perceived race discrimination, you must decide that the Defendant City of Springfield would not have taken one or more of the actions listed above against Plaintiff Rickey Davis if he had not spoken out on matters of perceived racial discrimination but everything else was the same.

(b) That the action(s) listed above taken by the Defendant City of Springfield against Plaintiff Rickey Davis would dissuade a reasonable employee from speaking out on matters of perceived racial discrimination.

If you find that Plaintiff Rickey Davis proved both (a) and (b) by a preponderance of

the evidence with respect to any one of the five things listed above, then you must find for

Plaintiff Rickey Davis.  However, if you find that Plaintiff Rickey Davis did not prove both

(a) and (b) by a preponderance of the evidence, with respect to any of the five things listed

above, then you must find for Defendant City of Springfield.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

If you find that Plaintiff, Lea Joy, has proved any of her claims against the Defendant, the City of Springfield, then you must determine what amount of damages, if any, Plaintiff, Lea Joy, is entitled to recover.

If you find that Plaintiff, Lea Joy, has failed to prove any of her claims then you will not consider the question of damages.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

John Harris is no longer a defendant in this case.  You should not consider any claims against John Harris.  Do not speculate on the reasons. You should decide this case as to the remaining parties.

You must give separate consideration to each claim and each party in this case. Although there are two Plaintiffs, it does not follow that if one is successful, the other is, too.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different.  If you decide that , before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In deciding Rickey Davis' claims, you should not concern yourself with whether the City of Springfield's actions were wise, reasonable, or fair.  Rather, your concern is only whether Rickey Davis has proved that the City of Springfield transferred him from Criminal Investigations to Patrol in 1996, denied him transfers to Criminal Investigations from 1997-2002, reprimanded him in February 2001, assigned him to third watch as a Lieutenant, or disciplined him in July 2002 in retaliation for speaking out against racial discrimination.

In deciding Lea Joy's claims, you should not concern yourself with whether the City of Springfield actions were wise, reasonable, or fair. Rather, your concern is only whether Lea Joy has proved that the City of Springfield transferred her from Internal Affairs to Field Operations because she spoke out against racial discrimination.