IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-3007 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant City of Springfield's (City) Motion for Judgment as a Matter of Law or in the Alternative a Motion for a New Trial under Federal Rule of Civil Procedure 59 (d/e 389) (Motion).  On January 11, 2008, a jury returned a verdict in favor of Plaintiff Rickey Davis and against the City on one of Davis' claims of retaliation in violation of Title VII of the Civil Rights Act of 1964, and awarded damages of $150,000.00.  42 U.S.C. § 2000e et seq.  The City now asks the Court to vacate the judgment and enter judgment as a matter of law in favor the City, or in the alternative, order a new trial.  For the reasons set forth, the Motion is denied.

1

The City made a motion for judgment as a matter of law at the close of the Plaintiffs' case, and the Court denied that motion. Minute entry of January 8, 2008. The City now renews that motion. For the reasons stated of record on January 8, 2008, as well as the reasons stated of record on January 9, 2008, in denying Plaintiffs' motion for judgment as a matter of law at the close of the City's case, the Court denies the renewed motion.

In the alternative, the City moves for a new trial. The Court may grant a new trial if, "the clear weight of the evidence is against the jury verdict, the damages are excessive or for some other reason the trial was not fair to the moving party." Scaggs v. Consolidated Rail Corp., 6 F.3d 1290, 1293 (7th Cir. 1993). If a jury instruction is at issue, the Court may order a new trial: (1) if the instruction inadequately stated the law, and (2) the error likely confused or misled the jury to the prejudice of the City. Gile v. United Airlines, Inc., 213 F.3d 365, 375 (7th Cir. 2000).

The weight of the evidence was not against the jury's verdict. The jury found that the City retaliated against Davis for complaining about racial problems within the City's Police Department (Department) by denying his requests from 1997 to 2002 for a transfer to the Criminal Investigations Division (CID). To prevail, Davis was required to present evidence that he

2

opposed an action by the City that he believed constituted an unlawful employment practice; he suffered an action that was severe enough to constitute retaliation under Title VII (retaliatory action); and the retaliatory action was caused by his opposition to the unlawful employment practice. Szymanski v. County of Cook, 468 F.3d 1027, 1029 (7th Cir. 2006). An action constitutes a retaliatory action if the challenged action would have dissuaded a reasonable worker from making or supporting a charge of discrimination. Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 2415 (2006). Davis was not required to prove that the employment action he opposed was actually unlawful; he was only required to prove that he opposed the action because he believed it to be unlawful. Hamner v. St. Vincent Hosp. and Health Care Center, Inc., 224 F.3d 701, 707 (7th Cir. 2000).

Davis presented ample evidence on each of these elements. Many witnesses testified that Davis spoke out during the relevant time period about racial discrimination that he believed existed within the Department. He filed a charge of discrimination with the Illinois Department of Human Rights to complain about the method of giving the Lieutenant's examination in 1999. He wrote a paper critical of the Department's hiring of minorities

while attending command school and gave the paper to Department Police Chief John Harris. He filed charges of discrimination with the Equal Employment Opportunity Commission. He complained about the Department's treatment of an African American female officer, Renatta Frazier. He provided ample evidence on this element.

Davis also presented evidence that the City's denials of his requests for transfer to CID would have dissuaded a reasonable person from opposing discrimination. From 1997-2002, Davis repeatedly applied for a transfer from the Patrol night shift to CID, and repeatedly his request was denied. In this context, the repeated denial of applications for transfer from a less desirable assignment to a more desirable assignment could dissuade a reasonable person from continuing to speak out about discrimination. The jury so found.

The City cites numerous cases that support the proposition that a transfer, or a denial of transfer, does not constitute an adverse employment action. See Motion, Exhibit A, Defendant City of Springfield's Memorandum of Law in Support of its Motion for Judgment as a Matter of law or in the Alternative a Motion for a New Trial under Federal Rule of Civil Procedure 59 (d/e 389), at 5-6, and cases cited therein. The cases that

state that a plaintiff must prove an adverse employment action in a retaliation claim, however, all predate the Supreme Court's decision in <u>Burlington Northern</u>. The Supreme Court broadened the standard of conduct that could constitute actionable retaliation. Any act that would dissuade a reasonable worker from making or supporting a charge of discrimination is an actionable retaliatory action. <u>Burlington Northern</u>, 126 S.Ct. at 2415. The jury was properly instructed on the reasonable worker standard enunciated in <u>Burlington Northern</u> and found that the City's repeated denials of Davis' requests for a transfer to CID met this standard. The Court will not disturb that finding.

Davis also presented evidence that the denials of his requests for transfer were caused by his decision to oppose conduct that he believed constituted racial discrimination. The evidence was largely circumstantial, but causation can be shown by circumstantial evidence. <u>Culver v. Gorman & Co.</u>, 416 F.3d 540, 545-46 (7th Cir. 2005). The evidence indicated a correlation between the timing of his actions in speaking out about perceived discrimination and the denial of his transfer requests. The evidence also showed that Davis was more experienced in criminal investigations than the officers selected for the CID openings.

5

Finally, some of the evidence casts doubt on the City's explanation for the decision to deny Davis' transfers. The City's witnesses testified that Chief Harris made the transfer decisions at issue to cross-train sergeants and lieutenants in different Divisions of the Department. Davis correctly pointed out that the Department posted the openings for all qualified officers within the Department. If Chief Harris intended to assign officers to positions for cross-training purposes, then there was no need to post the openings; he would have just transferred the officers to the different Divisions.

In addition, some of the evidence indicated that the Department did not cross-train Davis. Numerous sergeants, lieutenants, and assistant and deputy chiefs testified that Chief Harris transferred them regularly during his tenure with the Department from 1995 to 2003. Several witnesses listed four or more transfers during Chief Harris' tenure. The purpose was to cross-train these officers. Davis, however, was transferred to Patrol in 1996, and he remained in Patrol until November 2002. If the Department had wanted to cross-train Davis, one would have expected the Department to have transferred Davis regularly to several different Divisions, like the other sergeants and lieutenants were. But, he was not transferred regularly;

rather, Davis was kept in Patrol for over five years. This evidence casts doubt on the testimony of the City's witnesses that the Department was cross-training Davis. The jury could, thus, conclude that the City's cross-training explanation was not credible. The lack of credibility of the City's explanation, when combined with the other circumstantial evidence, could support the inference that the real motivation was improper. See Rudin v. Lincoln Land Community College, 420 F.3d 712, 723-24 (7th Cir. 2005). The jury's verdict was consistent with this interpretation of the evidence and was not against the manifest weight of the evidence.

The City also argues that the award of damages of $150,000.00 was excessive and not supported by the evidence. In considering this issue, the Court must consider three factors: (1) whether the award is monstrously excessive; (2) whether the award has a rational connection with the evidence; and (3) whether the award is roughly comparable to awards made in similar cases. Harvey v. Office of Banks and Real Estate, 377 F.3d 698, 713-14 (7th Cir. 2004). The monstrously excessive factor is "simply . . . another way of asking whether there is a rational connection between the award and the evidence." Id.

Here, none of these factors indicate that the award was excessive.

7

Davis testified that his ultimate career goal was to be head of CID. He had been in CID for years, but he was transferred to Patrol in 1996, and then he was continually denied the opportunity to transfer back to CID so that he could pursue that goal. He testified that he was devastated by this situation. The injury to Davis emotionally for years from the end of 1996 to the end of 2002 provides a rational basis for the $150,000.00 award. Given the evidence of the long-term effect on Davis' personal career goal and his own emotional suffering, the award also is not monstrously excessive. Davis has also cited several cases in which juries have given similar awards for purely emotional suffering. See Plaintiff's Response in Opposition to Defendant City of Springfield's Motion for Judgment as a Matter of Law (d/e 390), at 4, and cases cited therein. The Court will not disturb the award of damages.

The City complains that the Court allowed Davis to testify about medical treatment for emotional distress in 2006. The City opened the door for this evidence when its counsel asked Davis about medical treatment for emotional distress. The information admitted into evidence was quite limited, and Davis' injuries that resulted from the City's retaliation from 1997 to 2002 could have extended into 2006. The Court sees no basis to

grant a new trial based on this evidence.

The City complains that the verdicts were inconsistent. However, the jury found that Davis proved that the repeated decisions to deny his requests for transfers back to CID were retaliatory, but Davis failed to prove that the other actions were retaliatory. The other actions were discrete events that were independent of the City's refusal to grant any of Davis' requests for transfers back to CID. The jury could easily conclude that those actions were not retaliatory, while the repeated denials of the requests for transfer to CID were retaliatory.

The City complains that the Court improperly admitted, over the City's objections, evidence of the surveillance of Davis in 2002 and the checking of his emails. The Court sustained the City's objections to questions regarding this evidence and did not allow further questions in this area. There was no error.

The City complains that testimony about Renatta Frazier's experiences with the Department was prejudicial. This evidence was necessary to give the jury background of the Plaintiffs' actions in opposing conduct that they perceived to be discriminatory. The Court also repeatedly gave limiting instructions to explain the limited purpose for which the jury could consider

this evidence. There was no error in allowing this background information.

Finally, the City complains that the special interrogatories were prejudicial because they unfairly highlighted Davis' claims. The City cites no authority for this argument. The Court sees no basis for this argument. The special interrogatories clarified the specific actions that the jury found were retaliatory and defined the scope of the verdicts. The special interrogatories were not prejudicial.

THEREFORE, the City of Springfield's Motion for Judgment as a Matter of Law or in the Alternative a Motion for a New Trial under Federal Rule of Civil Procedure 59 (d/e 389) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   February 8, 2008

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE