E-FILED
Thursday, 20 March, 2008  02:17:25 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-3007 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Rickey Davis' Motion for Attorney Fees and Costs (d/e 391 & 393) (Davis Motion), and Defendants' Motion Regarding Apportionment of Costs (d/e 395) (City Motion).  For the reasons set forth below, the Motions are allowed in part.

On January 11, 2008, a jury returned a verdict in favor of Plaintiff Rickey Davis and against Defendant City of Springfield (City) for retaliation in violation of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e <u>et</u> <u>seq</u>.  A long path led to this outcome.  This case began roughly five years earlier, when nine Plaintiffs, Davis, Renatta Frazier, Lea Joy, Ralph Harris, Larry Stelivan, Robert Williams, Cleo Moore, Melody

Holman, and Donald Ewing, filed numerous claims against the City and six other Defendants, Karen Hasara, John Harris, William Workman, Mary Vasconcelles, Mark Harms, and William Pittman. The Court dismissed the claims of Plaintiffs Stelivan and Williams at the pleading stage, and dismissed Defendant Hasara from the case at that time. Order entered June 10, 2003 (d/e 25).

In 2004, the parties agreed to sever Plaintiff Frazier's claims, and the Defendants and Frazier settled. Order entered March 24, 2004 (d/e 116); Frazier v. Harris, Case No. 04-3071, Agreed Order on Joint Motion for Stipulation for Dismissal entered April 16, 2004 (case No. 04-3071 d/e 119). This settlement resolved the remaining claims against Defendants Workman, Vasconcelles, Harms, and Pittman. They were all dismissed as parties to the case. Minute entry entered May 6, 2004; Text Order entered July 29, 2004.

In 2006, the Court entered partial summary judgment in favor of the remaining Defendants, the City and John Harris, and against all of the claims of Plaintiffs Moore, Holman, Ralph Harris, and Ewing. Opinion entered November 14, 2006 (d/e 304). The Court also entered partial summary judgment in favor of the City and John Harris on some of

Plaintiffs Joy and Davis' claims.  The Court denied summary judgment on Joy's Title VII retaliation claim and her racially hostile work environment claim, and Davis' claims of employment discrimination and Title VII retaliation.  These claims proceeded to trial.

The case went to trial twice.  The first trial began on January 23, 2007, and ended in a mistrial.  Minute entry entered January 25, 2007. After the first trial, Davis' lead counsel, A. Courtney Cox of the firm Hart and Hart, withdrew from the case to take the position of United States Attorney for the Southern District of Illinois.  Motion for Leave to Withdraw (d/e 351).  Co-counsel Shari Rhode, of the firm Rhode and Jackson, represented Joy and Davis thereafter.  Attorney Zoe Newton also entered her appearance on behalf of Joy and Davis, and participated in the second trial.

The second trial began on January 3, 2008.  At the end of Plaintiffs' case, the Court entered judgment as a matter of law in favor of Defendant John Harris and dismissed him as a party.  The Court also entered judgment as a matter of law on Davis' employment discrimination claim, and part of Joy's retaliation claim.  The trial then proceeded on the remaining claims.

At the conclusion of the trial, the jury then rendered a verdict in favor

of the City and against Joy on her claims.  The jury rendered a verdict in favor of Davis and against the City on Davis' retaliation claim and awarded damages of $150,000.00.  Jury Verdicts and Special Interrogatories (d/e 376-79).  The Court subsequently denied the City's Motion for Judgment as a Matter of Law or in the Alternative a Motion for a New Trial Under Federal Rule of Civil Procedure 59 (d/e 389).  Opinion entered February 8, 2008 (d/e 397).

Davis' attorneys now ask for attorney fees of $928,128.50 plus expenses and costs of $134,141.66.  Davis Motion, at 2; Amended Bill of Costs (d/e 402); Bill of Costs (d/e 392).  The City objects to much of the fee request and to many of the costs and expenses.  The City also seeks an award of costs against the unsuccessful Plaintiffs in the sum of $16,111.11.  Bill of Costs (d/e 394) (City Bill of Costs).  After careful review, the Court concludes that Davis is entitled to some of the attorney fees, expenses, and costs sought; and the City is entitled to a portion of the costs it seeks also.

A.    ATTORNEY FEES

A plaintiff who prevails on a Title VII claim generally is entitled to recover attorney fees.  42 U.S.C. §§ 1981a & 1988.  Davis prevailed and is entitled to fees in this case.  To determine the appropriate amount of fees,

4

the Court must initially determine the reasonable hourly rate for the representation and the number of hours reasonably expended to perform the representation.  See Bankston v. State of Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995).  The Court must then also consider the results obtained and whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for the fee award.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

The Court must look to the market to determine the hourly rate.  The market rate for attorney services is that rate that lawyers of similar abilities and experience in the community normally charge for the type of work in question.  Stark v. PPM America, Inc., 354 F.3d 666, 674 (7th Cir. 2004).  Attorney Rhode and Cox billed for their services at a rate of $300.00 per hour.  Attorney Newton billed for her services at a rate of $250.00 per hour.  Attorney Martine Jackson, a partner in Rhode and Jackson, billed for her services at a rate of $260.00 per hour.  Attorney Kristen Glasford, of the firm of Rhode and Jackson, billed for her services at a rate of $175.00 per hour.  The firms of Hart and Hart and Rhode and Jackson both billed for paralegal services at the rate of $75.00 per hour.

Attorney Rhode submitted an Affidavit in which she states that she

charges $250.00 per hour to represent plaintiffs in the Southern District of Illinois.  Addendum to Plaintiff's Motion for Attorney Fees and Costs (d/e 393) (Addendum), Exhibit 3, Affidavit of Shari Rhode, ¶ 5.  This is the best evidence of the market rate for her work in Illinois because it represents the fee that a willing client pays her for similar services.  She further states that she has been awarded fees in other plaintiffs' cases at the rate of $250.00 per hour.  Id., ¶¶ 7-8.  Davis' other evidence consists of opinions of value from other attorneys rather than information about actual market transactions.  Addendum, Exhibits 1 & 2, Affidavits of Carl Draper and Donald Craven.  The market transaction information is a more reliable measure of the appropriate market rate.

The City submits market information about the fees that the City is paying for the defense of an ongoing § 1983 civil rights case.  Defendants' Response to Motion for Attorney Fees (d/e 399), Exhibits 3 and 4, Professional Service Agreements.  The evidence is information about market transactions, but the work is different because the attorneys are providing defense work and because the client is a municipality.  The risk of non-payment is lower because the City must appropriate funds to pay the attorneys at the time that the parties enter into the contract.  65 ILCS 5/8-

1-7(a).  The market rate that Rhode actually charges other plaintiffs for similar work is the better indicator of the market rate in this case.  The Court, therefore, finds that attorney Rhode should be awarded fees for her services at the rate of $250.00 per hour.

Attorney Rhode also attests that attorney Cox's training and experience is similar to hers.  They both practice in Southern Illinois.  They both have been awarded fees at the same rate in other cases in the Southern District of Illinois.  <u>Rhode Affidavit</u>, ¶ 12.  Cox also has been named U.S. Attorney for the Southern District.  Based on this evidence, the Court finds that attorney Cox should be considered at least comparable to attorney Rhode and should be compensated at the same rate.  The Court, therefore, finds that attorney Cox should be awarded fees for his reasonable services at the rate of $250.00 per hour.

Attorney Newton graduated from law school in 2000 and practiced law from 2000 to 2004, and then from 2006 to the present.  <u>Certificate of Compliance (d/e 409)</u>, Exhibit A, <u>Curriculum Vitae of Zoe Forrester Newton</u>.  She, thus, has significantly less experience than attorneys Rhode and Cox.  Based on the Court's observations in open court, attorney Newton participated in the trial as second chair to lead counsel Rhode.  The

Court, therefore, finds that her rate should be lower than attorneys Cox and Rhode.  Based on this evidence, the Court finds that the appropriate rate for attorney Newton should be $150.00 per hour.

Attorney Jackson has eight years experience in the practice of law. <u>Rhode Affidavit</u>, ¶ 17.  She, thus, has more experience than attorney Newton, but less than attorneys Rhode and Cox.  Jackson set her rate at $10.00 per hour more than attorney Newton.  The Court believes that this differential is appropriate.  The Court, therefore, finds that the appropriate rate for attorney Jackson is $160.00 per hour.

The firms of Hart and Hart and Rhode and Jackson both charged $75.00 per hour for paralegal work.  <u>Rhode Affidavit</u>, ¶ 19; <u>Addendum</u>, Exhibit 4, <u>Cox Affidavit</u>, ¶ 5, Exhibit A, <u>Billing Statement of Hart and Hart (Hart and Hart Billing Statement)</u>.  Attorneys Craven and Draper both stated in Affidavits that law firms in Springfield, Illinois, charge from $50.00 to $100.00 per hour for paralegal work.  <u>Draper Affidavit</u>, ¶ 10; <u>Craven Affidavit</u>, ¶ 9.  In light of this evidence, $75.00 per hour is a reasonable rate for these services.

Davis has submitted little information about attorney Glasford.  The evidence only shows that she is a practicing attorney in the firm of Rhode

and Jackson.  Given the lack of information, the Court must assume that Glasford is not an experienced attorney.  The Court has determined that the appropriate rate for paralegal work is $75.00 per hour.  A new attorney's services are more valuable than paralegal services, but not as valuable as the services of the other experienced attorneys in this case.  The Court, therefore, finds that the appropriate rate for attorney Glasford is $110.00 per hour.

The Court next must evaluate the reasonableness of the hours billed by each attorney.  Attorney Cox represented Plaintiff Davis as lead counsel until his appointment as U.S. Attorney in 2007.  He states that he billed 1,844.06 hours in this case.  The billings start in 2002 with a call from Renatta Frazier.  Hart and Hart Billing Statement, at 1.  The billings list Frazier and the other Plaintiffs.  The billings also list work that was done for all Plaintiffs, including Davis and Frazier.  This work included: drafting the Complaint, filing motions to disqualify defense counsel, responding to motions to dismiss, attending meetings with defense counsel, attending City counsel meetings, and speaking with various Plaintiffs and other individuals.

See Davis Motion, Hart and Hart Billing Statement, at 6-10.[1]  Attorney Cox explained in his Affidavit that the time "expended for the benefit of other Plaintiffs, was inextricably intertwined with Plaintiff Davis' case.  Such time insofar as it also relates to other Plaintiffs, involved a common core of facts and related legal theories and cannot be divided on a claim by claim basis." Cox Affidavit, ¶ 6.  If the work for other parties is so intertwined with the work for Davis, then the hours reasonably expended can be viewed as a whole.  Hensley, 461 U.S. at 435.  The ultimate award of fees should then be adjusted to reflect the success obtained for that work.  Id.

In this case, however, the firm of Hart and Hart already was paid for a large portion of this interwoven work in the Frazier settlement.  The City paid $207,271.00 in attorney fees in the Frazier settlement.  Frazier v. Harris, Case No. 04-3071, Joint Motion and Stipulation for Dismissal (case no. 04-3071 d/e 118), exhibit A, Settlement Agreement and Release, § 2.1.  The Court agrees with attorney Cox that the work for the various Plaintiffs during this phase of the case was inextricably intertwined.  Thus, the Hart

---

[1]Davis argues that this work was not done on behalf of Frazier.  Reply to Defendants' Response to Motion for Attorney Fees (d/e 410), at 10.  The Court disagrees.  This work, such as drafting pleadings, motions, and briefs, was clearly performed for all Plaintiffs, including Frazier.

3:03-cv-03007-JES-BGC   # 411   Page 11 of 27

and Hart firm was paid for the work done during this phase of the case in the Frazier settlement. The Court, therefore, disallows any additional recovery for the firm of Hart and Hart for hours billed, and attorney expenses incurred, before entry of the Frazier settlement on April 16, 2004. Consequently, the Court disallows 836.25 hours billed by attorney Cox, and 467.18 hours billed by his paralegal Judy Carson for work done before April 16, 2004.

The Court also determines that the City should not be required to pay attorney Cox's fees for the first trial that ended in a mistrial. Attorney Cox bears significant responsibility for the mistrial. <u>See</u> <u>Letter dated April 26, 2007, from Deborah Barnes, Counsel for the Attorney Regulatory and Disciplinary Commission regarding A. Courtney Cox (d/e 343)</u>. Counsel for the City also bears some responsibility. <u>Letter dated April 26, 2007, from Deborah Barnes, Counsel for the Attorney Regulatory and Disciplinary Commission regarding James Lang (d/e 343)</u>. Considering all of the circumstances in this matter, however, the Court finds that the City should not be required to pay for two trials. The Court, therefore, will not allow recovery for fees for the firm of Hart and Hart for the preparation and participation in the first trial. The Court, therefore, disallows 195.8 hours

11

billed by attorney Cox in preparing for and participating in the first trial. The Court also disallows 103.7 hours of his paralegal Annie Bond in preparing for and participating in the first trial.

After these adjustments, the Hart and Hart firm is left with a claim for 812.01 hours of attorney Cox's time, and claims of 238.57 hours for paralegal Carson and 438.35 hours for paralegal Bond. Davis concedes that 11.65 of Bonds' time was clerical time. <u>Reply to Defendants' Response to Motion for Attorney Fees (d/e 410)</u>, Exhibit 2, <u>Clerical Tasks by Paralegal</u>. Clerical time should not be billed. This leaves Bond with 426.7 hours. The Court finds that this time is reasonable. The City argues that some of this time is unnecessary and some is unrelated to Davis' case. The Court, however, believes that during discovery and summary judgment phases of the proceeding, the time expended for all of the remaining Plaintiffs was intertwined and so cannot be separated out. The ultimate fees' award will be adjusted to reflect the level of success, but the Court addresses this issue below.

The Court next considers the reasonableness of the time expended by attorneys Rhode and Newton. Rhode billed 516 hours and Newton billed 264.6 hours. The Court finds all of the time expended by them to be

12

reasonable. They stepped into a very difficult situation by coming in at a late stage in the proceedings. They effectively litigated the case. The City complains that it should not be required to pay for hours spent by the attorneys to familiarize themselves with the case. Davis had no control over the appointment of Cox to the position of U.S. Attorney. Cox could not continue to represent Davis and Joy after that point. In evaluating the circumstances, this Court finds that the hours spent by Plaintiffs' new counsel to familiarize themselves with the case and to prepare for trial were reasonably expended.

The hours spent by attorney Jackson at trial, however, were not reasonable. The Plaintiffs did not need more than two lawyers working full time to handle the trial. Jackson did not participate in the trial, except to run electronic equipment. The Court, therefore, disallows attorney Jackson's time billed during the trial. This eliminates 101.7 hours of her time. The Court finds that 95.6 hours of time that she billed to assist in trial preparation and to work on post trial matters were reasonably expended.

The time billed by attorney Glasford also appears to be reasonable. She assisted attorneys Rhode and Newton in preparation of motions and

jury instructions.  The Court finds that the 9.7 hours billed was reasonably expended.

Paralegals Julie Coffman and Robin Gibbs billed 39.2 hours and 59.2 hours respectively.  Davis concedes that 9.5 of the hours billed by them were for clerical tasks.  <u>Reply to Defendants' Response to Motion for Attorney Fees (d/e 410)</u>, Exhibit 2, <u>Clerical Tasks by Paralegal</u>.  This leaves a total of 88.9 hours of paralegal time reasonably expended by the Rhode and Jackson firm.

The Court next considers whether the level of success achieved by counsel should require an adjustment to the fees.  Here, the work for Davis was intertwined with the other Plaintiffs' claims so the Court could not easily separate out the time.  The Hart and Hart firm was already compensated for the work done before Frazier settled, and the time spent on the first trial is excluded, so the Court will only focus on the time for which a recovery is appropriate.  During that time, attorney Cox actively litigated the case for six Plaintiffs through most of the discovery phase and the dispositive motion phase of the proceedings, but only Davis prevailed.  Much of the work would have been performed for Davis even if he had been the only Plaintiff.  Most of the depositions would have still been conducted.

14

The same types of discovery requests would have been made.  The depositions, however, would have been shorter in duration.  The scope of the other discovery requests would have been narrower.  The issues at summary judgment would have been fewer and simpler.  In addition, five of the six Plaintiffs did not succeed on their claims.  Given that Cox performed all of this work for six Plaintiffs, that only one of the six prevailed, and that the time expended would have been less if Davis had been the only Plaintiff, the Court believes that a reduction to reflect the lack of success is appropriate.  The Court, therefore, finds that the Hart and Hart firm should recover for half of the fees calculated by the allowed hourly rates and the reasonable hours expended.

The City urges the Court to cut the time to one sixth since only one of the six Plaintiffs succeeded.  The Court declines that suggestion since a significant amount of time would have been expended even if Davis had been the only Plaintiff.  The time, however, would have been shorter, and only one of six Plaintiffs prevailed; the City's obligation to pay fees should reflect those facts.  The Court, having read all of the depositions and materials submitted at summary judgment and having considered all of the claims originally filed by the six Plaintiffs and the amount of work

undertaken by counsel in support of those claims, finds that a fifty percent reduction is appropriate.  Therefore, with respect to the firm of Hart and Hart, the allowable fees are:

A. Courtney Cox:

812.01 hours x $250 = $203,002.50 x .5= $101,501.25

J. Carson:

238.57 hours x $75 = $17,892.75 x .5 = $8,946.38

A. Bond:

426.70 hours x $75 = $32,002.50 x .5 = $16,001.25

Total attorney fees awarded to Hart and Hart:   $126,448.88

The firm of Rhode and Jackson, and attorney Newton, litigated the second trial on behalf of two Plaintiffs, Joy and Davis.  Davis asserted a discrimination and a retaliation claim arising from the same events.  Joy asserted retaliation and hostile work environment claims.  Davis' two claims were based on the same events.  Thus, his retaliation claim would have taken the same amount of time to try alone.  Also, Davis was seeking the same damages in both claims; thus, the damage award would have been the same if he had prevailed on both claims.  The Court, therefore, sees no reason to reduce the fees based on the fact that Davis only prevailed on one

of his claims.

The attorneys did not achieve success at trial for Joy. The jury ruled in favor of the City on Joy's claims. The award of fees for the trial should be reduced to reflect that lack of success for Joy. Much of the evidence was essentially the same for the retaliation claims raised by both Joy and Davis. Thus, part of the time at trial spent on Joy's claim was necessary for the success achieved for Davis. Other evidence was limited to Joy's claim alone, including evidence of the hostile work environment claim and some of the specific alleged retaliatory acts against Joy. Counsel did not need to present this evidence to achieve the verdict in favor of Davis.

The Court, therefore, concludes that these attorney fees, calculated by the hours reasonably expended and hourly rates alone, should be reduced by twenty-five percent to reflect the level of success achieved at trial. Therefore, with respect to the fees of the firm of Rhode and Jackson, and attorney Newton, the allowable fees are:

Shari Rhode:

516 hours x $250 = $129,000.00 x .75 = $96,750.00

Zoe Newton:

     264.6 hours x $150 = $39,690.00 x .75 = $29,767.50

Martine Jackson:

     95.6 hours x $160 = $15,296.00 x .75 = $11,472.00

Kristen Glasford:

     9.7 hours x $110 = $1,067.00 x .75 = $800.25

Julie Coffman and Robin Gibbs:

     88.90 hours x $75 = $6,667.50 x .75 = $5,000.63

Total attorney fees for Rhode and Jackson, and Attorney Newton:

     $143,790.38

Total allowed attorney fees: $270,239.26

B.    <u>COSTS</u>

Plaintiff Davis also seeks recovery of costs.  Certain costs are recoverable by a prevailing party unless the Court otherwise directs.  <u>Fed. R. Civ. P.</u> 54(d).  These costs are set out by statute:

A judge or clerk of any court of the United States may tax as costs the following:

1.    Fees of the clerk and marshal;

2.    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the

case;

3.      Fees and disbursements for printing and witnesses;

4.      Fees for exemplification and copies of papers necessarily obtained for use in the case;

5.      Docket fees under section 1923 of this title;

6.      Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d).  Parties may recover court reporter attendance fees as part of the cost of securing transcripts of depositions.  Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995). This Court must, in its discretion, determine the appropriate amount of costs to be taxed.  Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

        Of the costs that can be taxed by statute, the Hart and Hart Amended Bill of Costs (d/e 402) lists $788.55 in witness fees, $11,873.55 in deposition fees, and $11,256.48 for copying.  The witness fees are allowed except for the Vasconcelles and Fogelman witness fees for the first trial, in the amounts of $41.22 and $42.00, respectively.  The net amount of witness fees allowed for the Hart and Hart firm is $705.33.  The deposition

fees are allowed to the extent of 50%, or $5936.78 (since the number and length of the depositions was due, in part, to claims of those other than Davis). The copying costs are disallowed for the costs incurred before the Frazier settlement because they were resolved in the settlement. The allowed costs for copying for the Hart and Hart firm is $9,248.04. The City objects to the amount of the copying costs. Given the complexity of the discovery in this case, however, this amount is appropriate. The total taxable costs awarded to Hart and Hart are $15,890.15.

The taxable costs sought by the firm of Rhode and Jackson, and attorney Newton, are $443.70 in court reporter fees, $753.60 in witness fees, $1,149.55 for copies, and $84,425.00 for the court-appointed expert. The cost for court reporter fees is allowed to the extent of $221.85 (50%). The other costs, except for the court-appointed expert, are allowed in full. These all relate directly to the trial and are reasonably connected to Davis' claim on which he prevailed. The Court finds that these costs would have been incurred if Davis' claim had been tried alone.

Most of the cost of the expert, however, was incurred in discovery when there were six Plaintiffs. The Court appointed Patrick Systems Group, Inc., to assist in electronic discovery by copying data on City

computers.  <u>Order entered February 24, 2004 (d/e 94)</u>.  The City argues that this work was unnecessary and should not be recoverable, and that some of the costs should be attributable to the losing Plaintiffs.  Some of the work was related to pornography found on City computers.  That was not relevant.  Davis responds, however, that the electronic discovery showed that the City improperly copied emails from Davis' work computer, and that evidence was admitted at trial.  The Court agrees that more than half of the expert's work was reasonably likely to lead to relevant evidence for Davis' retaliation claim.  The Court, thus, finds that two-thirds of these costs should be recoverable.  The Court, therefore, taxes 67 percent of the costs for the court-appointed expert, or $56,564.75.  The total costs taxed for costs incurred by the Rhode and Jackson firm is $58,689.75.

C.    <u>EXPENSES</u>

Other expenses sought by Davis' attorneys are not recoverable as costs, but are recoverable as part of the attorney fees.  <u>Heiar v. Crawford County, Wis.</u>, 746 F.2d 1190, 1203 (7th Cir. 1984).  These include Davis' attorneys' travel expenses, legal research costs, and private service of process.  As with the fees for the Hart and Hart firm, the expenses incurred before April 16, 2004, and for the first trial will not be allowed. The travel expenses incurred

before April 16, 2004, total $8,776.80.  The travel expenses for preparation

for the first trial and the trial totaled $1,255.98.  That leaves $4,321.94 in

travel expenses.  The City objects to paying for travel, but Davis had the

right to hire the counsel of his choice, and under the circumstances, travel

from an adjoining federal district was a legitimate expense as part of that

representation.[2]  The process server expenses of $190.55 were reasonably

incurred, but the $228.10 associated with the first trial are excluded.  Last,

the Hart and Hart firm seeks recovery of expenses for postage and private

delivery services.  The expenses incurred after April 16, 2004, in the sum of

$52.58, were reasonably expended.  Because all of these types of expenses

are part of Hart and Hart's attorney fees, the expenses will be reduced by

half to reflect the level of success achieved.   The allowed expenses

recoverable by the Hart and Hart firm as attorney fees, therefore, total

$2,282.54.

The firm of Rhode and Jackson, and attorney Newton, seek recovery

of expenses totaling $5,464.00, representing primarily travel expenses for

---

[2]The Court might well limit travel expenses to some reasonable geographic area. Here, counsel came from an adjoining federal district and undertook representation in a difficult case against the City of Springfield.  The Court finds an award of travel expenses is warranted here.

3:03-cv-03007-JES-BGC  # 411  Page 23 of 27

Davis' attorneys. Again, Davis is entitled to select his own counsel and receive travel fees within a reasonable geographic area. These travel expenses appear to be reasonable for the out-of-town counsel. The expenses will be reduced by 25 percent along with the rest of the attorney fee award. The allowed expenses as part of attorney fees, therefore, total $4,098.00.

D.    DEFENDANTS' REQUEST FOR COSTS

Defendants also ask for recovery or apportionment of costs because they prevailed on many of the claims raised by the Plaintiffs. Defendants present no evidence that any Defendant other than the City actually paid any costs. Only the City has submitted a Bill of Costs. Defendants' Motion Regarding Apportionment of Costs (d/e 395), at 6; City Bill of Costs. The City's corporation counsel represented all of the Defendants except for Workman. The City Bill of Costs only lists costs incurred in 2005 and later. Defendant Hasara was dismissed as a party in 2003, before the costs were incurred. Defendants Vasconcelles, Harms, Workman, and Pittman were dismissed in 2004, pursuant to the settlement with Frazier. It is unclear that these Defendants would be considered prevailing parties since the City paid over $800,000.00 to settle the claims against them. Regardless, they also were dismissed before the City incurred the costs. That leaves the City

23

and John Harris.  As noted above, Defendants have presented no evidence that John Harris paid any of these costs.

That leaves the City as a party Defendant that incurred costs in the defense of this case.  The City has no basis to seek costs from Defendants Stelivan and Williams because these Defendants were dismissed in 2003 before the City incurred any costs.  The City prevailed against Plaintiffs Joy, Moore, Ewing, Holman, and Ralph Harris, but did not prevail against Davis and Frazier.  The City seeks fees associated with depositions, witness fees, and fees for service of trial subpoenas.[3]  The witness fees and fees for service of trial subpoenas would have been the same if only Davis' prevailing claim had been litigated.  Clearly, witnesses John Harris, Dan Hughes, and Karen Hasara would have been called to testify at trial on Davis' prevailing claim.  Thus, no fees are awarded for these witness fees.  Likewise, the subpoena fees would have been incurred if the trial had dealt only with the claim on which Davis prevailed.  No fees are awarded for the subpoena fees.

The court reporter and transcript fees are different, however.  As noted above, the deposition fees would have been lower if only the claim on which

---

[3]These costs were incurred after the Frazier settlement, and so, are unrelated to her claims.

Davis prevailed had been litigated.  The Court deems 50% of the court reporter and transcript fees attributable to Davis' prevailing claim.  The City is entitled to reimbursement for the other half, minus the fees associated with the first trial.  Because counsel for the City also bear some responsibility for the first trial ending in a mistrial, the Court will not allow reimbursement for the $1471.80 spent for transcripts from the first trial. Of the remaining $10,879.60 costs for court reporter/transcripts, the Court awards the City $5,439.80 from non-prevailing Plaintiffs (Ralph Harris, Cleo Moore, Melody Holman, Donald Ewing, and Lea Joy) whose cases proceeded at least through summary judgment.

The Defendants ask the Court, in the alternative, to apportion costs among all of them and all of the Plaintiffs.  Defendants Hasara, Vasconcelles, Harms, Pittman, Workman, and John Harris have no claims or liability for costs to apportion; they incurred no costs, and Davis does not request any costs from them.  Plaintiffs Stelivan and Williams similarly have no claims or liability to apportion.  The City would have incurred the vast majority of its costs in the losing cause against Davis, and the Court has now assessed some of the City's costs against five of the non-prevailing Plaintiffs.  Accordingly, the request to apportion costs is denied.

THEREFORE, Plaintiff Rickey Davis' Motion for Attorney Fees and Costs (d/e 391 & 393) is ALLOWED in part, and Defendants' Motion for an Award of Costs or Apportionment of Costs (d/e 395) is ALLOWED in part. The Court awards fees, expenses and costs in favor of Davis and his Attorneys Hart and Hart, Rhode and Jackson, and Zoe Newton in the total sum of $351,199.70, to be divided as follows:

A.     The Hart and Hart firm is awarded a total of $144,621.57, consisting of attorney fees of $126,448.88, expenses recoverable as attorney fees of $2,282.54, and taxable costs of $15,890.15; and

B.     The Rhode and Jackson firm, and attorney Newton, are awarded a total of $206,578.13, consisting of attorney fees of $143,790.38, expenses recoverable as attorney fees of $4,098.00, and taxable costs of $58,689.75.

Defendant City of Springfield's request for costs is allowed to the extent of $5,439.80. That amount is taxable as costs against Ralph Harris, Cleo Moore, Melody Holman, Donald Ewing, and Lea Joy. The Clerk is directed to file an amended judgment to reflect the award of costs and attorney fees. IT IS THEREFORE SO ORDERED.

ENTER:   March 20, 2008

FOR THE COURT:

_____   s/  Jeanne E. Scott   _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE