IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  03-3007 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Motion to Terminate Protective Order, In Part (d/e 386).  The Defendant City of Springfield (City) asks the Court to lift, in part, the Protective Order entered on October 3, 2003 (d/e 53), to allow public disclosure of the content of settlement negotiations.  Generally, matters before the federal courts are to be public.  "We have insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence."  Hicklin Engineering L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006).  The final judgment has been entered, so there is no obvious

need to keep prior settlement discussions confidential. Disclosure of the content of pre-judgment settlement negotiations will allow the litigation of this case "[to] be conducted in public to the maximum extent." Id. Post-judgment settlement discussions, if any, will be based on the judgment and orders of the Court, not prior settlement discussions. The Court, therefore, sees no reasons to keep these matters confidential.

Plaintiff Davis notes that he has two other cases against the City still pending. Davis v. City of Springfield, Case No. 04-3168; Davis v. City of Springfield, Case No. 07-3096. Those cases concern events that occurred after the events that were the subject of this case. Thus, disclosure of settlement discussions in this case should not affect the outcome of those cases. Furthermore, the judgment in this case affects seven other Plaintiffs. The interests in making public the litigation of their claims outweigh the concerns of Davis on the impact of disclosure on his pending cases. Davis, further, can seek protective orders in those cases to maintain confidentiality of matters related to those cases.

The Plaintiffs also argued that the Motion is premature because the matter is not final and non-appealable. The Court has now denied the City's Motion for Judgment as a Matter of Law or in the Alternative a

Motion for a New Trial under Federal Rule of Civil Procedure 59 (d/e 389). The judgment of this Court, therefore, is final and appealable. The Court believes that this is sufficiently final that the policy to conduct trials in public weigh in favor of now granting the City's request.

THEREFORE, Defendants' Motion to Terminate Protective Order, In Part (d/e 386) is ALLOWED. The Protective Order (d/e 53) is modified to allow parties to disclose the substance of settlement negotiations between the parties that occurred, with respect only to this case, before the entry of the jury's verdict in this case on January 11, 2008. The Clerk is directed to unseal the document entitled Material Redacted Pursuant to Court Order (d/e 400), which contains information regarding settlement negotiations in this case. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 20, 2008

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE